IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

OCT 1 5 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY CLERK

MILAN LUNA,
      Plaintiff,

-vs-                                             Case No. A-11-CA-985-SS

JUSTIN BERRY; TRACY ZIMMERMAN; ART
ACEVEDO, as Chief of Police; and THE CITY OF
AUSTIN,
      Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Art Acevedo, Justin Berry, Tracy Zimmerman, and the City of Austin's Motion to Dismiss [#26], and Plaintiff Milan Luna's Responses [##27, 30] thereto. Having considered the documents, the file as a whole, and the applicable law, the Court now enters the following opinion and orders.

This is a § 1983 excessive-use-of-force case. Luna was arrested for public intoxication and possession of drug paraphernalia on January 18, 2011. She claims she was not intoxicated, was simply riding in the passenger seat of a vehicle which was pulled over, attempted to comply with all orders of the arresting officers, but nevertheless was violently assaulted, suffering a fracture to her left wrist, as well as emotional damages. She filed suit in this Court on November 18, 2011, against Austin Police Department Officers Berry and Zimmerman in their individual capacities, and against Police Chief Acevedo in his official capacity, as well as the City of Austin. Luna brings the following claims against Officers Berry and Zimmerman: (1) excessive force, (2) assault and battery,

(3) false imprisonment, and (4) malicious prosecution. She also claims Acevedo and the City of Austin were negligent in the hiring, supervision, training, and retention of Berry and Zimmerman.

Defendants answered on February 3, 2012. Orig. Ans. [#16]. On July 12, Defendants moved for dismissal under Rule 12(b)(1) for want of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. Unfortunately, Rule 12(b) motions must be made *prior* to an answer. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, (1st Cir. 1983) ("The objective of Rule 12 is to eliminate unnecessary delay at the pleading stage by requiring the presentation of an omnibus *pre-answer* motion . . . ."). Accordingly, Defendants' Motion to Dismiss is untimely. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). However, the Court may construe the motion as one for judgment on the pleadings under Rule 12(c), and does so. *See id.*

## I.   Motion for Judgment on the Pleadings—Legal Standard

The same legal standard which applies to Rule 12(b)(6) motions governs Rule 12(c) motions. *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). Although the Court must accept the factual allegations in the pleadings as true, the plaintiff must nonetheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A

motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.  Application

The Court finds the Motion to Dismiss should be granted in part and denied in part.

Defendants, in a confusingly written motion—which fails to distinguish between which claims are brought against which Defendant, and in what capacity—argue they are immune from assault and battery claims, false imprisonment, and malicious prosecution, because governmental immunity for such intentional torts is not waived by the Texas Torts Claims Act (TTCA). The Texas Supreme Court has explained, "The [TTCA] specifically excludes waiver for a claim 'arising out of assault, battery, false imprisonment, or any other intentional tort . . . .'" *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (quoting TEX. CIV. PRAC. & REM. CODE § 101.057). However, Luna has brought these claims only against Berry and Zimmerman, in their *individual* capacities, and does not bring such claims at all against Acevedo and the City of Austin. Therefore, the defense of governmental immunity is not relevant, at least as raised in Defendants' instant motion. *See Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011). Accordingly, the motion to dismiss is DENIED IN PART.

However, the Court does find Luna's negligent hiring, supervision, training, and retention claims against Defendants Acevedo and the City of Austin are subject to dismissal. Luna fails to indicate any specific policy or custom maintained by Acevedo or the City of Austin which caused the events in question. *See Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 170 (5th Cir. 1985). Nor does Luna explain why it was negligent for Acevedo and the City of Austin to hire and retain Barry and Zimmerman as police officers, or how Acevedo and the City of Austin were negligent in training or supervising the officers. Therefore, the Court GRANTS the motion to dismiss in part, and DISMISSES WITHOUT PREJUDICE the negligent hiring, training, supervision, and retention claims against Defendants Acevedo and the City of Austin for failure to state a claim for which relief can be granted.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants Art Acevedo, Justin Berry, Tracy Zimmerman, and the City of Austin's Motion to Dismiss [#26] is GRANTED IN PART and DENIED IN PART;

IT IS FINALLY ORDERED that Plaintiff Milan Luna's claims for negligent hiring, supervision, training, and retention against Defendant Art Acevedo and the City of Austin are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 15th day of October 2012.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE